UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE INTERPUBLIC GROUP OF COMPANIES, INC.
   and
MCCANN-ERICKSON WORLDWIDE, INC.,

Defendants.

------------------------------------------------------------

08 CV 4075 (GJD)

### FINAL JUDGMENT AS TO DEFENDANTS THE INTERPUBLIC GROUP OF COMPANIES, INC. AND MCCANN ERICKSON WORLDWIDE, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants The Interpublic Group of Companies, Inc. ("Interpublic") and McCann Erickson Worldwide, Inc. ("McCann" and together with Interpublic, the "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Interpublic and Interpublic's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security by the use of

any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Interpublic and Interpublic's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78(m)(a)] and Rules 13a-1, 13a-11, 13a-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, 240.13a-13 and 240.12b-20] by, directly or indirectly:

    a)    failing to file with or furnish to the Commission any current or periodic report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder; or

    b)    filing with or furnishing to the Commission any report that: (1) contains any untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, or (3) fails to disclose any information required to be disclosed.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Interpublic and Interpublic's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by, directly or indirectly, failing to (a) make and keep accurate books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and fairly reflect the transactions and dispositions of the assets of the issuer; or (b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that McCann and McCann's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that McCann and McCann's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE INTERPUBLIC GROUP OF COMPANIES, INC.
and
MCCANN-ERICKSON WORLDWIDE, INC.,

Defendants.

08 CV 4075 (GM)

H ———

### FINAL JUDGMENT AS TO DEFENDANTS
### THE INTERPUBLIC GROUP OF COMPANIES, INC.
### AND MCCANN ERICKSON WORLDWIDE, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants The Interpublic Group of Companies, Inc. ("Interpublic") and McCann Erickson Worldwide, Inc. ("McCann" and together with Interpublic, the "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Interpublic and Interpublic's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security by the use of

any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Interpublic and Interpublic's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78(m)(a)] and Rules 13a-1, 13a-11, 13a-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, 240.13a-13 and 240.12b-20] by, directly or indirectly:

    a)    failing to file with or furnish to the Commission any current or periodic report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder; or

    b)    filing with or furnishing to the Commission any report that: (1) contains any untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, or (3) fails to disclose any information required to be disclosed.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Interpublic and Interpublic's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by, directly or indirectly, failing to (a) make and keep accurate books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and fairly reflect the transactions and dispositions of the assets of the issuer; or (b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that McCann and McCann's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that McCann and McCann's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that McCann and McCann's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78(m)(a)] and Rules 13a-1, 13a-11, 13a-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, 240.13a-13 and 240.12b-20] by knowingly providing substantial assistance to an issuer that:

a)   fails to file with the Commission any current or periodic report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder; or

b)   files with or furnishes to the Commission any report that: (1) contains any untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, or (3) fails to disclose any information required to be disclosed.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that McCann and McCann's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by knowingly providing substantial assistance to an issuer that fails to (a) make and keep accurate

books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and fairly reflect the transactions and dispositions of the assets of the issuer; or (b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that McCann is liable for disgorgement of $1, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $12,000,000, pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. McCann shall satisfy this obligation by paying $12,000,001 within ten (10) business days of the entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying McCann as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. McCann shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, McCann relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to McCann. McCann shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

ML

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest-bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest-bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on McCann's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of McCann's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, McCann shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall

not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of the Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 5/5/08

MAY 0 5 2008

UNITED STATES DISTRICT JUDGE

**HON. GEORGE B. DANIELS**

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON _____

8

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:            (        )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS

Docket Support Unit                                                          Revised: April 9, 2006

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

---------------------------------------------------X
|
|                                    **NOTICE OF APPEAL**
|
-V-         |
|
|                                    civ.        (    )
|
---------------------------------------------------X

Notice is hereby given that _____
                                              (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____, _____.
                                (day)           (month)        (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____       (    ) _____-_____
                                   (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

**APPEAL FORMS**

Docket Support Unit

Revised: April 9, 2006

FORM 1

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

---------------------------------------------------X
                |    **MOTION FOR EXTENSION OF TIME**
                |    **TO FILE A NOTICE OF APPEAL**
-V-          |
                |    civ.       ( )
                |
---------------------------------------------------X

      Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                                 (party)

requests leave to file the within notice of appeal out of time. _____
                                                                (party)
desires to appeal the judgment in this action entered on _____ but failed to file a
                                                           (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]




                                                      _____
                                                           (Signature)

                                                   _____
                                                           (Address)

                                                 _____
                                      (City, State and Zip Code)

Date: _____        ( )_____-_____
                                                   (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit
                                                                           Revised: April 9, 2006

FORM 2

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |         NOTICE OF APPEAL
                                          |               AND
                                          |    MOTION FOR EXTENSION OF TIME
              -V-                         |
                                          |        civ.          (     )
                                          |
                                          |
------------------------------------------X
```

1. Notice is hereby given that _____ hereby appeals to
                                          (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                        [Give a description of the judgment]


2. In the event that this form was not received in the Clerk's office within the required time
_____ respectfully requests the court to grant an extension of time in
          (party)
accordance with Fed. R. App. P. 4(a)(5).

  a.   In support of this request, _____ states that
                                              (party)
this Court's judgment was received on _____ and that this form was mailed to the
                                          (date)
court on _____.
             (date)

                                          _____
                                                   (Signature)

                                          _____
                                                    (Address)

                                          _____
                                              (City, State and Zip Code)

Date: _____              (     ) _____-_____
                                              (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

# United States District Court
## Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------X
                               |
                               |        AFFIRMATION OF SERVICE
                               |
       -V-                     |
                               |        civ.        (   )
                               |
                               |
-------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
         New York, New York

                                        _____
                                                  (Signature)

                                        _____
                                                  (Address)

                                        _____
                                            (City, State and Zip Code)

APPEAL FORMS
Docket Support Unit                                    Revised: April 9, 2006